### LEVY v. TEMERSON.

(Supreme Court, Appellate Term. December 26, 1900.)

ACTION ON DISHONORED CHECK BY INDORSEE—PAYMENT TO INDORSER—MATERIALITY.

    Where, in an action by the indorsee of a check against the drawer, on account of its being dishonored, there is no evidence that plaintiff ever authorized the indorsers to receive payment of the check as plaintiff's agent, or that he was ever apprised of the fact that an alleged payment to them had been made by the drawer, plaintiff's rights were not affected thereby.

Appeal from municipal court, borough of Manhattan.

Action by Max Levy against Morris Temerson. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Louis Levy, for appellant.

Isidor Cohn, for respondent.

BEEKMAN, P. J. In this case the plaintiff sues upon a check for $70 made by the defendant to the order of Grau & Lehmann, which the latter indorsed over to the plaintiff. It is undisputed that the check in question was made and delivered to the payees for an indebtedness owing by the defendant to them. There is evidence tending to show that the payees were indebted to the plaintiff in an equivalent amount, and that the check was indorsed and delivered by them to him in payment of such indebtedness. There are no defenses whatsoever to the payment of the check which existed prior to the delivery of the same to the plaintiff. Upon receiving the check, the plaintiff presented the same to the bank upon which it was drawn for payment, but payment was refused, on the ground that the defendant's account was not good for such an amount. The defendant claims that subsequently thereto he paid to Grau & Lehmann the amount of the check. He did not, however, receive the check when such alleged payment was made, through some oversight on his part, as he claims. There was a sharp conflict of evidence on the trial with respect to some of the facts which were litigated thereon, but, inasmuch as the trial justice decided in favor of the plaintiff, he must be deemed to have found the facts in a manner most favorable to him. There was no evidence whatever in the case tending to show that the plaintiff ever authorized Grau & Lehmann to receive payment of the check on his account, or that he was ever apprised of the fact that any such payment, if made at all, had been made to Grau & Lehmann. Under these circumstances, the plaintiff, still continuing to hold the check, was in no wise affected by any such alleged payment. As there was sufficient evidence in the case to support it, the judgment in favor of the plaintiff must be affirmed.

Judgment affirmed, with costs. All concur.